UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

In re:

ALLEN L. WISDOM,

          Debtor.

_____

ALLEN L. WISDOM,

          Appellant,

   v.

JEREMY J. GUGINO and LIBERTY MUTUAL INSURANCE COMPANY, et al.,

          Appellees.

Bk. Case No. 1:11-01135-JDP

Adv. No. 13-06045-TLM

**MEMORANDUM DECISION AND ORDER**
Case No. 1:16-cv-00251-EJL

**INTRODUCTION**

Pending before the Court in the above-entitled matter is Appellant's appeal of Chief Bankruptcy Judge Terry L. Myers' decision denying his Motions to Recuse and Application for Default Judgment and granting the Appellees' Motion for Summary Judgment. The matter is ripe for the Court's review. Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter is decided on the record before this Court without oral argument.

MEMORANDUM DECISION AND ORDER - 1

## FACTUAL BACKGROUND

### 1.    The Underlying Bankruptcy Case

On April 19, 2011, Debtor-Appellant Allen L. Wisdom filed a Chapter 7 bankruptcy petition. (BK Case No. 11-01135-JDP.) Included in the list of claimed exemptions were certain life insurance policies. The Appellee, the United States Trustee appointed to this case, Jeremy Gugino (the "Trustee"), objected to the claimed exemptions in the life insurance policies.[1] United States Bankruptcy Court Judge Jim D. Pappas sustained the Trustee's objection and ordered that the claimed exemptions in the life insurance policies be disallowed. The Trustee then liquidated the policies and filed the Trustee's Final Report ("TFR") in the Chapter 7 bankruptcy proceeding. Mr. Wisdom objected to the Final Report arguing the Trustee fraudulently and unlawfully liquidated the life insurance policies, breached his fiduciary duties, and engaged in misrepresentations and criminal misconduct. Judge Pappas overruled those objections and approved the TFR. (Dkt. 156, BK Case No. 11-01135-JDP.) Mr. Wisdom appealed that decision to the United States District Court and the Ninth Circuit, both of whom affirmed the lower courts' rulings and, in doing so, found Mr. Wisdom's claims lacked merit. (Dkt. 13, DC Case No. 1:12-cv-00530-BLW); (9th Cir. Case No. 13-35409.)[2]

---

[1] Also listed as Appellees are: Liberty Mutual Insurance Company, Francis R. Stern, Anthony M. Pantera, IV, New York Life Insurance Company, Hamilton, Michaelson & Hilty, LLP, Karen McMurtrie. (Dkt. 1.)

[2] *See In re Wisdom*, 490 B.R. 412 (D. Idaho 2013) and *In re Wisdom*, 649 Fed. Appx. 583 (9th Cir. 2016).

MEMORANDUM DECISION AND ORDER - 2

**2.      The Adversary Proceeding**

On December 3, 2013, Mr. Wisdom filed an adversary proceeding in the Bankruptcy Court against the Trustee, his bankruptcy attorneys, and New York Life Insurance Company ("N.Y. Life"). (Adv. Case No. 13-06045-TLM.)  Mr. Wisdom raised claims of breach of contract, breach of fiduciary duty, negligence, tortious interference with contract, constructive fraud, legal malpractice, intentional and negligent infliction of emotional distress, slander *per se*, and civil conspiracy. The claims allege the Trustee improperly liquidated the insurance policies in the underlying bankruptcy proceeding and that the Trustee committed fraud and violated the fiduciary duty he owed to Mr. Wisdom. The adversary case was ultimately assigned to Chief Bankruptcy Judge Terry L. Myers.

In April of 2014, Mr. Wisdom filed a Motion to Recuse Judge Myers arguing the Trustee assigned to the underlying bankruptcy matter had been Judge Myers' law clerk several years prior. Judge Myers denied the Motion to Recuse. (Dkt. 59, Adv. Case No. 13-06045-TLM.) Mr. Wisdom then filed a Motion for Leave to File an Interlocutory Appeal of Judge Myers' decision which Judge Winmill denied. (Dkt. 8, DC Case No. 1:14-00279-BLW.) The Ninth Circuit affirmed. (Dkt. 14, 9th Cir. Case No. 15-35013.)

**3.      The Turnover Motion and Motions to Recuse in the Bankruptcy Case**

In June of 2014, Mr. Wisdom filed a Motion for Order to Turnover Estate Funds ("Turnover Motion") in the underlying bankruptcy case which again challenged the Trustee's liquidation of the life insurance policies. (Dkt. 199, BK Case No. 11-01135-JDP.) Since Judge Pappas had recused himself, the Turnover Motion was assigned to Judge Myers. Mr. Wisdom then filed a second Motion to Recuse Judge Myers based upon the

MEMORANDUM DECISION AND ORDER - 3

same arguments as his first motion. (Dkt. 214, BK Case No. 11-01135-JDP.) On September 26, 2014, Judge Myers issued a decision denying both the second Motion to Recuse and the Turnover Motion. (Dkt. 217, BK Case No. 11-01135-JDP.) Mr. Wisdom appealed that ruling to this Court which affirmed the Bankruptcy Court's decision. (D.C. Case No. 14-00497-EJL.)

Mr. Wisdom filed another Motion to Recuse Judge Myers in the bankruptcy case on August 17, 2016. (Dkt. 251, BK Case No. 11-01135-JDP.) The Bankruptcy Court again denied the motion. (Dkt. 253, BK Case No. 11-01135-JDP.)

**4.     The Motion for Summary Judgement in the Adversary Case**

After amending his complaint in the adversary case, Mr. Wisdom filed an Application for Default Judgment. (Dkt. 89, Adv. Case No. 13-06045-TLM.) Judge Myers orally denied the Application for Default Judgment on January 26, 2015. (Dkt. 105, Adv. Case No. 13-06045-TLM.) Thereafter, on March 15, 2016, Judge Myers granted the Trustee's Motion for Summary Judgement as to all of the claims in the First Amended Complaint. (Dkt. 160, Adv. Case No. 13-06045-TLM.)

**5.     This Appeal**

In this appeal, Mr. Wisdom challenges the Bankruptcy Court's rulings 1) denying his Motions to Recuse, 2) denying his Application for Default Judgment, and 3) granting the Appellees' Motion for Summary Judgment. (Dkt. 1.)

**STANDARD OF REVIEW**

In general, this Court applies the "clearly erroneous" standard of review to the Bankruptcy Court's factual findings and its legal conclusions are subject to *de novo* review.

MEMORANDUM DECISION AND ORDER - 4

*See* Fed. R. Bankr. P. 8013. The Court does not consider an issue raised for the first time on appeal. *United States v. Robinson*, 20 F.3d 1030 (9th Cir. 1994).

The Bankruptcy Court's rulings on the Motions to Recuse and Application for Default Judgement are reviewed for abuse of discretion. *In re Goodwin*, 194 B.R. 214, 220 (9th Cir. 1996); *In re Beltran*, 182 B.R. 820, 823 (9th Cir. BAP 1995). "A bankruptcy court abuses its discretion if it applies law incorrectly or if it rests its decision on a clearly erroneous finding of material fact." *In re Brothby*, 303 B.R. 177, 184 (9th Cir. BAP 2003) (citation omitted). The ruling on the Motion for Summary Judgment is reviewed *de novo*. *Carpenter v. Universal Star Shipping, S.A.*, 924 F.2d 1539, 1542 (9th Cir. 1991).

## ANALYSIS

**1.      Preliminary Issue: Recusal of This Court**

Mr. Wisdom has again raised a preliminary issue in his opening brief arguing this Court should recuse itself in this matter because it has a conflict based on its "stake in the outcome of the appeal," the Trustee being a former co-employee of the Court, and the facts surrounding the Trustee's appointment. (Dkt. 9 at 3-7.) Appellees assert this argument is not properly before the Court as it was not raised in the underlying proceeding, the same issues were previously raised and denied, and the argument lacks merit. (Dkt. 10 at 12-17.)

Motions to recuse are governed by 28 U.S.C. § 455 which provides, in relevant part:

(a)      Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b)      He shall also disqualify himself in the following circumstances:

MEMORANDUM DECISION AND ORDER - 5

> (1)     Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

Recusal may be justified either by actual bias or the appearance of bias/impartiality. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1991). "Section 455 requires not only that a judge be subjectively confident of his ability to be evenhanded, but also that an informed, rational, objective observer would not doubt his impartiality." I*n re Bernard*, 31 F.3d 842, 844 (9th Cir. 1994). The test for evaluating bias or prejudice under § 455 is an objective one asking "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *In re Goodwin*, 194 B.R. at 222 (internal quotation marks omitted); *Liteky v. United States*, 510 U.S. 540, 548 (1994) (The recusal of a judge is warranted in only the rarest of circumstances where a judge's actions "display a clear inability to render a fair judgment."). This determination must be made by this Court whose impartiality is being questioned. *In re Bernard*, 31 F.3d at 843.

This issue was previously decided in the prior appeal. Having again considered Mr. Wisdom's arguments concerning any potential bias, either actual or the appearance of the same, the Court concludes no bias exists. The Trustee was not an employee of this Court nor has this Court had any personal or professional contacts with the Trustee. Further, there is no evidence to support Mr. Wisdom's arguments concerning this Court's "stake" in the outcome of this case, any involvement in the Trustee's appointment, and/or any responsibility concerning the integrity of the bankruptcy system in this District. This Court has no involvement with appointments of trustees to the panel, which are made by the

MEMORANDUM DECISION AND ORDER - 6

United States Trustee, and the assignment of this Trustee to this case was done at random. Further, this Court's own examination of its conscience reveals a lack of any actual or apparent bias either in favor or against the Trustee and/or Mr. Wisdom. The Court has no bias in this case nor is there any basis upon which to reasonably question this Court's impartiality. The request for recusal of this Court is denied.

**2.      Appeal of the Bankruptcy Court's Denials of the Motions to Recuse**

Mr. Wisdom argues the Bankruptcy Court abused its discretion in denying the Motions to Recuse because Judge Myers has multiple irreconcilable conflicts, his bias towards the Trustee, and refused to address certain issues. (Dkt. 9 at 20-31.) Appellees maintain Judge Myers did not abuse his discretion in denying the Motions to Recuse but, instead, cited the correct legal standard and appropriately applied the same to the facts in this case. (Dkt. 10 at 17-21.)

Orders on motions to recuse are reviewed under the abuse of discretion standard. *In re Goodwin*, 194 B.R. at 220 (citations omitted). This Court has considered the arguments of the parties as well as the record contained herein, including Judge Myers' decisions on the Motions to Recuse. Having done so, this Court finds Judge Myers did not abuse his discretion in denying the Motions to Recuse.

As stated above, the standard for recusal under § 455 is an objective one asking "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *In re Goodwin*, 194 B.R. at 222. Judge Myers' decision explains the reasons for his denial of the Motion to Recuse and demonstrates without question that there is no basis for his recusal in this case, let alone

MEMORANDUM DECISION AND ORDER - 7

any abuse of discretion in denying those Motions. (Dkt. 253, BK Case No. 11-01135-JDP); *see also* (Dkt. 59, Adv. Case No. 13-06045-TLM) and (Dkt. 217, BK Case No. 11-01135-JDP.) This Court finds the clear reasoning and analysis in Judge Myers' opinion more than satisfies the applicable standards for recusal. Moreover, this issue was previously raised and decided by this Court in the prior appeal and, therefore, is precluded. For these reasons, the decision denying the Motion to Recuse is affirmed.

**3.      Appeal of the Bankruptcy Court's denial of Application for Default Judgment**

Mr. Wisdom appeals the Bankruptcy Court's January 26, 2015 oral decision denying his Application for Default Judgment arguing Judge Myers abused his discretion in denying the request because the Trustee failed to timely file an Answer before Mr. Wisdom filed a request for entry of clerk's default. (Dkt. 9 at 31-34.) The Court finds Judge Myers did not abuse his discretion.

On November 17, 2014, Mr. Wisdom filed a Motion Entry of Default. (Dkt. 86, Adv. Case No. 13-06045-TLM.) The next day, the Trustee filed an Answer before any default was entered. Three days later, on November 21, 2014, Mr. Wisdom filed his Application for Default Judgment. Because the Trustee's Answer was filed before any default was entered, the Bankruptcy Court denied the Application in accordance with Rule 55 which requires that default be entered before a default judgment can be entered. (Dkt. 105, Adv. Case No. 13-06045-TLM); s*ee* Fed. R. Civ. P. 55(b) and *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) (noting the "two-step process" required by Rule 55: (1) request for clerk's entry of default under Rule 55(a); and (2) subsequent motion for default judgment under Rule 55(b)).

MEMORANDUM DECISION AND ORDER - 8

Even if default had been entered prior to the Trustee filing its Answer, Judge Myers would not have abused his discretion in declining to enter default judgment. A defendant's default does not automatically entitle a plaintiff to a court-ordered judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Rather, entry of default judgment is left to the court's sound discretion, guided by the following factors: (1) potential prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the Complaint; (4) the amount at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules favoring a decision on the merits. *Eitel*, 782 F.2d at 1471–72. As Judge Myers noted, the Trustee filed an Answer the very next day after the Motion for Entry of Default had been filed. The strong policy favoring decisions on the merits alone justifies denying the Application for Default Judgment. *Id.* at (Default judgments are "ordinarily disfavored" and should not be administered lightly.).

For these reasons, the Bankruptcy Court's decision is affirmed.

4.      **Appeal of the Bankruptcy Court's granting of Summary Judgment**

On March 15, 2016, the Bankruptcy Court granted the Trustee's Motion for Summary Judgment as to all claims. (Dkt. 160, Adv. Case No. 13-06045-TLM.) In doing so, Judge Myers concluded all of the claims were defeated by the *de facto* trustee doctrine. Additionally, Judge Myers found that certain claims failed on their merits and/or should be dismissed based on the doctrines of immunity, privilege, and preclusion. Mr. Wisdom appeals this decision arguing the Bankruptcy Court erred in granting summary judgment because the Trustee lacked authority to take any official acts. (Dkt. 9 at 41.) Mr. Wisdom

MEMORANDUM DECISION AND ORDER - 9

asserts the *de facto* trustee doctrine does not apply and, therefore, the Trustee does not have immunity. (Dkt. 9 at 35-42, 51-60.) Further, Mr. Wisdom contests the Bankruptcy Court's rulings as to the Trustee's fiduciary duty, *res judicata*, constructive fraud, slander *per se*, and other claims. (Dkt. 9 at 42-43, 60-63.) The Court finds Judge Myers' ruling is correct and consistent with this Court's own *de novo* review.

## A.     *De Facto* Trustee Doctrine

Mr. Wisdom's claims allege the Trustee was not properly qualified to serve as trustee under § 322(a) because his surety bond was not filed prior to his appointment. (Dkt. 137 at 2, Adv. Case No. 13-06045-TLM.) The Bankruptcy Court concluded that the *de facto* trustee doctrine applies to this case resulting in dismissal of all claims relying upon the argument that the Trustee was not qualified, which is nearly all of Mr. Wisdom's claims. (Dkt. 160 at 23-27, Adv. Case No. 13-06045-TLM.) The Court finds the Bankruptcy Court properly stated the law and applied the law to the facts of this case in determining that the *de facto* trustee doctrine applies.

The *de facto* trustee doctrine provides that even where there may be a technical defect in a trustee's qualifications, the trustee's legitimate activities are still valid when "such person has, since being appointed trustee, acted as trustee,...held [him/herself] out to be trustee, and...[has] been treated as trustee by the Court, creditors and employees of the estate and all other interested parties." *In re Granderson*, 252 B.R. 1, 5 (1st Cir. BAP 2000) (holding § 322 is not jurisdictional and an untimely filing of trustee's bond did not invalidate trustee's actions in chapter 7 case) (citations and quotations omitted). The Ninth Circuit has applied this doctrine. *In re Hunt*, 2014 WL 1229647, at *5 (9th Cir. BAP 2014).

MEMORANDUM DECISION AND ORDER - 10

As determined by the Bankruptcy Court, this Court too finds that the record shows the Trustee in this case held himself out as the trustee and was treated as such by the Court, creditors, and all interested parties - including Mr. Wisdom. (Dkt. 160 at 26, Adv. Case No. 13-06045-TLM.) The Bankruptcy Court correctly granted summary judgment on Mr. Wisdom's claims that were based on the argument that the Trustee lacked the legal authority to conduct official duties; which is essentially all of the claims.

### B.      Immunity Doctrine and Privilege Defense

The Bankruptcy Court went on to also conclude that the Trustee has immunity from Mr. Wisdom's claims of breach of contract, breach of fiduciary duty, negligence, and intentional and negligent infliction of emotional distress. (Dkt. 160 at 28-32, Adv. Case No. 13-06045-TLM.) Those claims are based on the argument that the Trustee's actions were improper and/or his handling of the bankruptcy estate's property was wrongful with regard to the Trustee's settlement of the litigation and request to inspect the property. Similarly, the Bankruptcy Court found the claims based on defamation and/or slander *per se* relating to the request to inspect the property should also be dismissed because the Trustee has both immunity and a privilege defense for those claims. (Dkt. 160 at 32-33, Adv. Case No. 13-06045-TLM.) The Court finds the Bankruptcy Court applied the correct law to the facts in this case and its ruling is consistent with this Court's own view of the record.

Bankruptcy Trustees have "broad immunity from suit." *Bennett v. Williams*, 892 F.2d 823 (9th Cir. 1989). "A trustee is entitled to such immunity only if the trustee is acting within the scope of authority conferred upon the trustee by the appropriate statute(s) or the

MEMORANDUM DECISION AND ORDER - 11

court." *In re Kashani*, 190 B.R. 875, 883 (9th Cir. BAP 1995) (citation omitted). Mr. Wisdom's claims challenge the Trustee's actions in settling the lawsuits owned by the bankruptcy estate and requesting inspection of the property. This Court agrees with Judge Myers' ruling that those actions by the Trustee were within the scope of his authority and pursuant to a court order and, therefore, entitle the Trustee to immunity on the claims that are based on those allegations.

The Court also finds Mr. Wisdom's claims of defamation and/or slander were properly dismissed. The Trustee's request to inspect the property was made in the course of, and reasonably related to, a judicial proceeding. As such, the Trustee has an absolute privilege against any such claim. *See Weitz v. Green*, 230 P.3d 743, 754 (Idaho 2010); *Kurz v. Zahn*, Case No. 1:11-cv-00342-EJL, 2012 WL 4458128, *5 (D. Idaho Apr. 13, 2012) (concluding that statements made in the course of judicial proceedings cannot give rise to civil liability for defamation).

### C.     Issue and Claim Preclusion

The Bankruptcy Court held that Mr. Wisdom was precluded from relitigating issues in his claims that had already been decided; i.e., issues relating to Mr. Wisdom's objections to the TFR, liquidation of the life insurance policies, and those premised on the inappropriateness of the Trustee's actions. (Dkt. 160 at 34-36, Adv. Case No. 13-06045-TLM.) Similarly, the Bankruptcy Court concluded that claim preclusion applied to any arguments regarding the liquidation of the insurance policies that Mr. Wisdom could have made in his objection to the TFR but did not. (Dkt. 160 at 37-38, Adv. Case No. 13-06045-TLM.) This Court agrees.

MEMORANDUM DECISION AND ORDER - 12

The Bankruptcy Court's ruling upholding the TFR decided the issues relating to whether the Trustee acted properly with regard to Mr. Wisdom's Idaho Code § 11-605(10) exception claim and whether the Trustee had a duty to honor a property exemption the debtor failed to claim. (BK Case No. 11-01135-JDP, Dkt. 156.) As such, the claims raising those same issues in this case are precluded. *See In re Cogliano*, 355 B.R. 792, 802 (9th Cir. BAP 2006) (Issue preclusion, in contrast, "[P]revents relitigation of all 'issues of fact or law that were actually litigated and necessarily decided' in a prior proceeding.... The issue must have been 'actually decided' after a 'full and fair opportunity' for litigation.").

Likewise, any arguments made regarding the liquidation of the insurance policies that Mr. Wisdom could have made in his objection to the TFR but did not are barred from being raised in this action by claim preclusion. *See In re Jensen–Edwards*, 535 B.R. 336, 344 (Bankr. D. Idaho 2015) (citation omitted). The TFR decision forecloses Mr. Wisdom's from bring the same claims concerning the Trustee's actions made in connection to the liquidation of the life insurance policies in this successive litigation.

**D.      Constructive Fraud and Tortious Interference Claims**

As to the claims for constructive fraud and tortious interference with contract, the Bankruptcy Court dismissed those claims on their merits finding Mr. Wisdom had failed, as a matter of law, to produce or establish facts which support the elements of his claims upon which he would bear the burden of proof at trial. (Dkt. 160 at 39-41, Adv. Case No. 13-06045-TLM.) Having conducted a *de novo* review of these claims, the factual allegations, the parties' arguments, and the entire record herein, this Court finds the Bankruptcy Court's dismissal was correct.

MEMORANDUM DECISION AND ORDER - 13

Mr. Wisdom has failed to point to facts which establish the elements of these two claims. The constructive fraud claim is based on the Trustee's breach of a fiduciary duty. The Trustee does not, however, owe a fiduciary duty to Mr. Wisdom, the debtor, but is instead the fiduciary of the estate. *In re Wisdom*, 490 B.R. 412, 417 (D. Idaho 2013). Moreover, the allegations are that the Trustee's failure to disclose was as to a third party, not to Mr. Wisdom. Therefore, the facts alleged to support the claim fail to show any constructive fraud as to Mr. Wisdom.

As to the tortious interference with a contract claim, the factual allegations in the Complaint fail to support the elements of the claim. Specifically, there are no facts alleged that go to establish that the Trustee intentionally interfered with either of the contracts Mr. Wisdom had with his attorneys or with N.Y. Life. Because this is an element of the claim Mr. Wisdom bears the burden of proving at trial, his failure to allege facts going to establish that element in his Complaint warrant dismissal of the claim as a matter of law. *See Idaho First Nat'l Bank v. Bliss Valley Foods, Inc.*, 824 P.2d 841, 858-859 (Idaho 1991) (stating the prima facie elements for tortious interference with a contract).

### E.      Other Rulings

Mr. Wisdom also challenges the Bankruptcy Court's rulings regarding a Motion to Strike, request to call witnesses, augmentation of briefing and the record, and requests for extension of time. (Dkt. 9 at 43-51.) Having reviewed these arguments, the Bankruptcy Court's rulings, and the entire record herein, the Court finds Judge Myers did not abuse his discretion with regard to these matters. Just the opposite, the Bankruptcy Court was well

MEMORANDUM DECISION AND ORDER - 14

within its discretion in ruling on these matters and acted reasonably and appropriately in doings so.

**5.     Costs and Attorney Fees**

At the end of their response brief, Appellees ask that they be awarded costs and attorney fees under Federal Rules of Bankruptcy Procedure 8020 and 8021.[3] (Dkt. 10 at 30-31.)

As to the Appellees' request for attorney fees, Rule 8020 allows the Court to award damages and costs to an appellee where an appeal is determined to be frivolous after a separately filed motion or notice from the court and a reasonable opportunity to respond are provided. Fed. R. Bankr. P. 8020. "Rule 8020 is strictly enforced." *In re Tanzi*, 297 B.R. 607, 613 (9th Cir. BAP 2003). "A request for sanctions in an appellee's brief is procedurally improper...as it does not provide the appellant sufficient notice and opportunity to respond to the request." *Id.* (quoting *In re Marino*, 234 B.R. 767, 770 (9th Cir. BAP 1999) (citation omitted)). As such, the Appellees request for relief contained within their brief is denied. Appellees may, however, file a separate motion for attorney fees in accordance with Rule 8020.

As to the request for costs, Rule 8021 provides, in relevant part, that where an appeal is dismissed and/or a judgment or order is affirmed "costs are taxed against the appellant."

---

[3] Appellees cite to Rule 8014 in their request for costs. The Rule applying to costs is now Rule 8021.

MEMORANDUM DECISION AND ORDER - 15

Because this Court has affirmed the Bankruptcy Court, the Appellees are entitled to costs in this case. Appellees shall file a bill of costs in accordance with Rule 8021.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED as follows:

1)     The Appellant's Request for Recusal of this Court is **DENIED**.

2)     The Bankruptcy Court's decisions denying the Motions to Recuse are **AFFIRMED**.

3)     The Bankruptcy Court's decision denying the Application for Default Judgment is **AFFIRMED**.

4)     The Bankruptcy Court's decision granting the Motion for Summary Judgment is **AFFIRMED**.

5)     Appellant's Motion for Leave for Enlargement of Opening Brief (Dkt. 8) is **MOOT**.

DATED: March 21, 2017

Edward J. Lodge
United States District Judge

MEMORANDUM DECISION AND ORDER - 16